RAMONA T. ROCKWELL, Respondent-Appellant, v. DWIGHT ROCKWELL, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered on January 4, 1973, granting plaintiff a divorce, support, counsel fees and other related relief, unanimously modified, on the law, the facts and in the exercise of discretion, so as to strike therefrom the third, fourth, fifth, sixth, seventh, eighth, tenth and eleventh decretal paragraphs, to provide in the ninth decretal paragraph for alimony to plaintiff in the sum of $8,000 per year and child support of $3,000 per year for each child, to reduce the additional counsel fee provided for in paragraph twelfth to $2,500, and otherwise affirmed, without costs and without disbursements. The parties conceded that their *gross* income for several years preceding the trial ranged between approximately $26,000 and $29,000 and their after-tax income never exceeded $23,000. They conceded further that their yearly living expenses substantially exceeded these amounts, requiring the disposal of capital (the sale of husband's inherited securities) at the close of each year in order to pay for their chosen excessive mode of living. The fact that these parties, while married, chose to live on hoped for but unrealized income, does not require that the court perpetuate this practice when to do so would admittedly necessitate yearly invasion of capital by the husband, which capital the wife in no way contributed to. Trial Term, in making its piece-meal support awards, overlooked the oft-repeated suggestion by this court "that as regards payments for support the more desirable practice is to make an inclusive award of a specified sum rather than direct payments of indefinite amounts ° ° ° (*Schine* v. *Schine,* 28 A D 2d 976) ". (*Macris* v. *Macris,* 29 A D 2d 528, 529.) Similarly overlooked is our holding that, in the absence of special circumstances (not here demonstrated), where the parties' standard of living during marriage concededly depended on defendant's capital, such "standard of living based on capital expenditures is not a proper basis for permanent alimony [citing cases] ". (*Orenstein* v. *Orenstein,* 26 A D 2d 928, 929, affd. 21 N Y 2d 892.) The court likewise erred in granting the wife exclusive occupancy of the marital apartment and summer home owned solely by the husband (*Lerner* v. *Lerner,* 21 A D 2d 861) and in directing that he maintain and pay for life and other insurance for the benefit of his wife and children (*Enos* v. *Enos,* 41 A D 2d 642), that he pay debts not sued for herein and that he pay his wife's annual income tax obligations. On the record before us we find that support awards in excess of the amounts fixed above are not justified and that the counsel fee awarded below, considering the relatively routine nature of the case, was excessive. Concur — Steuer, J. P., Tilzer, Capozzoli, Lane and Macken, JJ.